Hough, J.
From the state of the record which we have before us the question for determination is Avhether or not, from the conceded and admitted facts in the pleadings, the plaintiff in error is entitled to the relief sought.
The board of county commissioners and the building commission are both creatures of the law, and their duties, authority and power originate from the provisions of the statute, and are bounded and limited thereby.
i In this case, therefore, where the regularity of the proceedings of the commissioners in taking the preliminary steps for the construction of a county jail is admitted, as well as the creation of the building commission, and where the desirability of erecting a building of the quality and character planned by the commission is conceded, the question for determination is whether or not the building commission under the statutes has the authority to do the thing it proposes to do. Or, stated in another way, may the building commission, after the people have voted “in favor of the expenditure of $1,250,000 for the purposes of erecting a building for a county jail, court rooms for Insolvency Court, Criminal Court, and Prosecuting Attorney’s Office,” adopt and carry out a policy for the construction of a county jail on a much more elaborate plan, and involving the expenditure of a materially greater amount of money?
The county commissioners acted under Section 2333, G-eneral Code, which reads as follows:
“When county commissioners have determined to erect a court house or other county building at a cost to exceed twenty-five thousand dollars, they shall submit the question of issuing bonds of the county therefor to vote of the electors thereof.”
*495 The section further provides that if the vote is determined in the affirmative the commissioners shall apply to a judge of the court of common pleas, who shall appoint a building commission.
Section 5638, General Code, also has to do with the power of county commissioners. That section reads in part:
“The county commissioners shall not levy a tax, appropriate money or issue bonds for the purpose of building county buildings * * * the expenses of which will exceed $15,000, except in case of casualty * * * without first submitting to the voters of the county, the question as to the policy of making such expenditure.”
And Section 5642-1, General Code, provides:
“If a majority of the votes cast are in favor of the proposed expenditure, the board of county commissioners shall proceed to issue bonds in any sum not exceeding the amount stated upon said ballots, the proceeds of which shall be used exclusively for the purpose stated upon said ballot.”
Section 2358, General Code, specifically provides that no contract shall be made for any public building at a price in excess of the estimates. The building commission insists that what it has done and what it proposes to do are in exact conformity with the provisions of law; that the contracts let and to be made for the construction of the building will be within the architect’s estimate; that the people by a vote upon the issuance of bonds have approved the policy of the building of a county jail; that the sum of money raised by the issuance of bonds approved by the vote of the people, while entirely inadequate to carry out the plan contemplated by the architect in his estimate and the building commis *496 sion, can be supplemented by other funds to be furnished by the county commissioners under the authority conferred by Section 2434, General Code. This section, so far as pertinent, provides:
‘ ‘ For the purpose of erecting or acquiring a building * * * for a * * * jail * * * the commissioners may borrow such sum or sums of money as they deem necessary.”
This section concludes with an exception, which provides that if the levy be for the proposed building of a detention home, or additional land for an infirmary or county children’s home, “the commissioners without first submitting the question to the vote of the county may levy a tax for either or both of such purposes,” not exceeding a certain amount.
This exception, as well as other considerations, makes it clear that the section itself and the power granted therein are subordinated to the provisions of Section 2333, and must be read in pari materia with that section. Section 2434, General Code, therefore does not give the county commissioners blanket power to issue bonds. That power is limited and circumscribed by the provisions of Sections 2333 and 5638, General Code.
But the building commission further insists that if it be determined that the necessary funds cannot be raised under the power given under Section 2434, General Code, then, in that event, the commission and the county commissioners, at an appropriate time subsequent, will again submit to the voters of Cuyahoga county the question of issuing the $2,000,-000 or more additional bonds necessary to complete the building in accordance with the plan of the commission.
*497 This of course has been done three several times, and three several times has been voted down and disapproved by the people.
The electors of Cuyahoga county did approve the policy of building a county jail, but this approval was not one in the abstract, or in blank, but carried with it other requirements and limitations. The approval contemplated the construction of a county jail under plans and estimates carrying an expenditure of money limited to $1,250,000. To carry forward the plan of the building commission would bring about the partial construction of a county jail, a building only partly built, perhaps without, windows, probably without roof — unenclosed and useful for no purposes whatever; uninhabitable either by the officers of the law or the breakers of the law.
The conclusion is obvious. It would mean either a useless expenditure of public funds or driving the citizens of Cuyahoga county into voting further bond issues to complete such building, in order to make of use and value their funds already expendéd. Instead of exercising voluntary franchise, the electors would be put in the position of exercising involuntary franchise. Such a result was neither intended nor provided for by the legislature.
The legislature provided that the contracts let must be within the limits of the estimates adopted, and a construction of the provisions of the statutes clearly indicates a limitation of the estimate within the amount expendable for the given purpose, and the amount expendable for such purpose is substantially limited to that approved by the electorate of the political subdivision.
*498 The same method of reasoning was employed by , this court in the case of State, ex rel., v. Pierce, Aud., 96 Ohio St., 44, wherein it was held:
“1. Where the statute places an express limitation upon the amount of money to be expended on any public work by any officer, or board, the contractual power of such officer, or board, is fixed by such statutory limit. * * *
“3. In case of doubt as to the right of any administrative board to expend public moneys under a legislative grant, such doubt must be resolved in favor of the public and against the grant of power.”
From the admitted facts in the pleadings, we are dealing not with a question of discretion, or want of discretion, on the part of the building commission, but with the question of the limitation of power of that commission as granted by the legislature.
The building commission has exceeded, and is about to exceed, its power, and the plaintiff in error is entitled to the relief prayed for, and the defendants as members of the Cuyahoga county building commission are permanently enjoined from entering into any contracts and agreements or from expending any public funds in connection with the construction of any public building under the plans and specifications involving the expenditure of more than an aggregate sum of $1,250,000, and the defendants, John A. Zangerle, as auditor, and John J. Boyle, as treasurer, of Cuyahoga county, are enjoined from issuing any checks for the payment of any public funds at the order of such county building commission, in connection with the construction of any public building under the plans and specifications involving the expenditure of more than the aggregate sum *499 of $1,250,000. The judgment of the court of appeals of Cuyahoga county is reversed.

Judgment reversed.

Marshall, C. J., Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.